16574. BARKSDALE *v.* CITIZENS NATIONAL BANK.

In becoming a guarantor to the bank against loss on account of its loan to Williams, the defendant contracted with reference to the bank's contract with Williams, which, in case of default as to payment of the loan, expressly gave the bank power to sell the collaterals at private sale without notice; and it can not be assumed that in making the contract of guaranty the parties contemplated that the bank must renounce the power to sell the collaterals.

The guarantors having been credited by the bank with the full amount of the sale price of the collaterals, the defendant is not entitled to complain that the full amount was not collected by the bank.

DECIDED JANUARY 14, 1926.

Complaint; from Wilkes superior court—Judge Perryman. April 23, 1925.

*Norman & Norman,* for plaintiff in error.

*C. E. Sutton, B. W. Fortson,* contra.

JENKINS, P. J.    The plaintiff, a national bank, sued Barksdale on a contract of guaranty which he and a number of other directors of the bank entered into with the bank to save it from loss on certain large loans, which were excessive, and which the bank had previously made to one Williams.    It appears that the same directors had entered into a previous contract with the bank with reference to these loans, by the terms of which the directors became the purchasers of the Williams loan in proportion to the amount of the bank's capital stock which each held, to be paid for by a retirement of their respective capital stock to the extent of $25,000 total. This was done, leaving still due by Williams to the bank a balance of $8,057.    It appeared that, as security for this loan to the bank, Williams had deposited certain collateral, consisting of corporate stocks in various corporations; and that he had given to the bank a power to sell the said stock collaterals, at public or private sale, with or without advertisement, upon his default as to payment of the loan.    Upon the ascertainment of this balance due, and remaining prospective or possible loss by the bank on the Williams debt, the directors entered into the contract of guaranty which is the basis of the present suit.    This special contract of guaranty by the directors was upon an independent consideration of ten dollars, and recited that "the parties of the first part [the guarantors] hereby guarantee the party of the second part [the bank] against any loss on account of said W. L. Williams loan, and agree to pay to said bank $8,057.00 balance due on the loss sustained by party of the second part on account of the said W. L. Williams loan, provided, however, that if the collateral given by said W. L. Williams to secure said loan does not produce a sufficient sum to liquidate said amount of $8,057.00, and provided further that if the collateral brings more than the amount of $8,057.00, all over and above that amount shall become the property of said parties of the first part, and all under said amount of $8,057.00 shall be credited on said latter sum, and the balance shall be paid by said parties of the first part in the same proportion said $25,000.00 was paid; in other words, the parties of the first part guarantee that said collateral shall bring at least $8,057.00, but if said collateral brings more than this amount, the overplus shall be the property of said parties

of the first part in the proportion aforementioned." The bank having sold at private sale the said collateral at sums sufficient to reduce the balance of Williams' indebtedness of $8,057.00 to $6,-585.00, it brought suit against Barksdale for his proportionate share of the loss in the sum of $3,408.74, together with interest from date of sale. Barksdale admitted that he had entered into the said contract of guaranty, but contended that he was not bound by the private sale of the collaterals, made in accordance with the bank's contract with Williams; that he was surprised that such collateral did not command a higher price; and that inasmuch as some of the purchasers of such collateral had not finally settled for the purchase price of the same, and that the bank still held the same as yet undelivered to such purchasers, the bank was not in position to enforce against him the terms of the guaranty. It appears, however, that in the suit by the bank credit was given to the defendant for the full sale price of the collateral, both collected and uncollected. The case was tried by a jury, and a verdict was returned for the plaintiff in the full amount sued for. The defendant filed a motion for a new trial on the general grounds alone. The motion was overruled, and he excepted.

1. The collateral contract of the bank with Williams expressly gave the bank the power to sell the collaterals at private sale without notice; and such a sale would result in a proper determination of the loss of the bank incident to the loan. It was with reference to this contract that the defendant contracted in becoming a guarantor. It could not be assumed that in making the contract of guaranty it was in contemplation of the parties that the bank must forfeit and renounce its rights and power of private sale of the collaterals given it under the Williams agreement.

2. So far as the guarantors were concerned, they were credited with the full amount of the sale price of the collaterals; and the fact that the bank may not have collected the full amount under its sale does not adversely affect the defendant or give him the right to complain.

*Judgment affirmed. Stephens and Bell, JJ., concur.*